| Debtor | Searchlight MM Holdings, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known):* _____ Chapter ___11___

☐ Check if this is an amended filing

<u>Official Form 201</u>
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Searchlight MM Holdings, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **88-1715372** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **4 World Trade Center** | |
| | | Number         Street | Number         Street |
| | | **45th Floor** | |
| | | **New York         New York  10007** | |
| | | City                 State    Zip Code | City                 State    Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | **New York** | |
| | | County | Number         Street |
| | | | City                 State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.mediamath.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    Searchlight MM Holdings, LLC                                   Case number (if known) _____
          Name

---

**7.  Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5418 (Advertising, Public Relations, and Related Services)**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____  When _____  Case number _____
                                         MM/DD/YYYY

         District _____  When _____  Case number _____
                                         MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes    Debtor    **See Attached Rider 1**                Relationship  **Affiliate**

         District  **District of Delaware**                When:  **06/30/2023**
                                                                  MM / DD / YYYY
         Case number, if known _____

---

Debtor    Searchlight MM Holdings, LLC                          Case number *(if known)*
_____
Name

List all cases.  If more than 1,
attach a separate list.

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>What is the hazard? _____<br><br>☐  It needs to be physically secured or protected from the weather.<br><br>☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐  Other _____<br><br>**Where is the property?**<br>_____<br>Number          Street<br>_____<br>City          State    Zip Code<br><br>**Is the property insured?**<br><br>☐ No<br><br>☐ Yes.  Insurance agency _____<br>Contact name _____<br>Phone _____ |

---

| **Statistical and administrative information** |
|---|

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| **14. Estimated number of creditors***<br><br>*Consolidated for all Debtors. | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☒ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| **15. Estimated assets***<br><br>*Consolidated for all Debtors. | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| Debtor | Searchlight MM Holdings, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities\***

**\*Consolidated for all Debtors.**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __06/30/2023__
             MM/ DD / YYYY

✗   __/s/ Neil Nguyen__            __Neil Nguyen__
     Signature of authorized representative of debtor      Printed name

Title   __Chief Executive Officer__

**18. Signature of attorney**

✗   __/s/ Kara Hammond Coyle__      Date   __06/30/2023__
     Signature of attorney for debtor            MM/DD/YYYY

__Kara Hammond Coyle__

__Young Conaway Stargatt & Taylor, LLP__
Firm name

__1000 North King Street__
Number             Street

__Wilmington__          __DE__      __19801__
City                State      ZIP Code

__(302) 571-6600__         __kcoyle@ycst.com__
Contact phone             Email address

__DE No. 4410__          __DE__
Bar number             State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of **MediaMath Holdings, Inc.**

| COMPANY |
| --- |
| MediaMath Holdings, Inc. |
| MediaMath, Inc. |
| MediaMath Ventures, LLC |
| Adroit DS, LLC |
| Searchlight MM Topco, L.P. |
| Searchlight MM Topco GP, LLC |
| Searchlight MM Holdings, LLC |

**WRITTEN CONSENT**
**OF**
**THE SOLE MEMBER**
**OF**
**SEARCHLIGHT MM HOLDINGS, LLC**

June 30, 2023

The undersigned, being the sole member (the "Member") of Searchlight MM Holdings, LLC, a Delaware limited liability company (the "Company"), hereby takes the following actions and adopts the following resolutions by written consent in lieu of a meeting pursuant to the applicable provisions of the Delaware Limited Liability Company Act and the Second Amended and Restated Limited Liability Company Agreement of Searchlight MM Holdings, LLC, dated as of April 21, 2022 (the "LLC Agreement"):

**WHEREAS**, pursuant to Section 7 of the LLC Agreement and Section 18-402 of the Delaware Limited Liability Company Act, the Member shall have exclusive and complete authority and discretion to manage the operations and affairs of the Company and to make all decisions regarding the business of the Company;

**WHEREAS**, the Member has reviewed and considered the financial and operational condition of the Company, the Company's business on the date hereof, including the assets of the Company, the current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS,** the Member, on behalf of the Company, has determined that it is in the best interest of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that the Member hereby approves the filing of a voluntary petition under the provisions of chapter 11 of the Bankruptcy Code (the "Petition"), by or on behalf of the Company, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing a case (the "Bankruptcy Case") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the form, terms and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved and adopted in all respects and that the persons listed on Schedule 1 attached hereto (the "Authorized Persons") be, and hereby are, authorized, directed, and empowered on behalf of and in the name of the Company to (i) to execute and verify the Petition and all documents ancillary thereto, and to cause the Petition to be filed with the Bankruptcy Court, such Petition to be filed at such time as an Authorized Person shall determine

and to be in the form approved by the Authorized Person, with the execution thereof by any such Authorized Person being conclusive evidence of the approval thereof by the Authorized Persons; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of the Authorized Persons, may be necessary, appropriate, or desirable, with the execution thereof by any such Authorized Person being conclusive evidence of the approval thereof by the Authorized Persons, and (iii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents that, in the judgment of the Authorized Persons, may be necessary, appropriate, or desirable in connection with the foregoing; and it is further

**Retention of Professionals**

      **RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), be and hereby is, authorized, directed, and empowered to represent the Company as general bankruptcy counsel to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

      **RESOLVED**, that FTI Consulting, Inc. ("FTI"), be and hereby is, authorized, directed, and empowered to represent and assist the Company as the Company's financial advisor and in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, are hereby is authorized, directed, and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application to retain the services of FTI in the Bankruptcy Case; and it is further

      **RESOLVED**, that Epiq Corporate Restructuring, LLC ("Epiq"), be and hereby is, authorized and empowered to represent and assist the Company as claims and noticing agent and administrative advisor and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Epiq in the Bankruptcy Case; and it is further

      **RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered to employ any other professionals to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation hereby is, with power of delegation, hereby is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause

to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is further

    **RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, with power of delegation, hereby is authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the Authorized Persons deem necessary, proper or desirable in connection with the Bankruptcy Case, with a view to the successful prosecution of such case; and it is further

    **RESOLVED**, that each of the aforementioned retained advisors of the Company is hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the commencement of the Bankruptcy Case; and it is further

## Cash Collateral

    **RESOLVED**, that, in connection with the commencement of the Company's Bankruptcy Case, the Authorized Persons are authorized and directed, to the extent necessary, on behalf of the Company, as debtor and debtor-in-possession, to negotiate, obtain, execute, deliver, and guarantee the use of cash collateral according to the terms negotiated, or to be negotiated, by, or on behalf of, the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral in such amounts and on such terms as the Authorized Persons deems necessary or advisable (collectively, the "Cash Collateral"), (ii) the execution and delivery of any documents to evidence the permitted use of Cash Collateral, (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and amendments, supplements, and modifications thereto, as appropriate), (v) the granting of liens on and security interests in any and all assets of the Company, (vi) the authorization of filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing and perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, (vii) the acknowledgement of debt and liens of existing loans, (viii) payment of interest to the Company's existing lenders, and (ix) the execution and delivery of deposit, securities and other account control agreements (and amendments, supplements and other modifications thereto, as appropriate), and the Authorized Persons are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing; and it is further

## General

    **RESOLVED**, that pursuant to Section 13 of the LLC Agreement, the LLC Agreement is hereby amended by replacing Section 10 of the LLC Agreement with the following:

    "10. Dissolution and Winding Up.  The Company shall dissolve and its business and affairs shall be wound up (i) pursuant to a written instrument executed by the Sole Member, (ii) at any time there are no members of the Company, unless the Company is continued in accordance with the Act, or (iii) when required by a

decree of judicial dissolution entered under Section 18-802 of the Act.  In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of the property of the Company in an orderly manner), and the property of the Company shall be applied in the manner, and in the order of priority, set forth in Section 18-804 of the Act.  Notwithstanding any provision of this Agreement to the contrary, the bankruptcy of the Sole Member shall not cause the Sole Member to cease to be a member of the Company and upon the occurrence of such an event, the Company shall continue without dissolution. For purposes of this Section 10, "Bankruptcy" shall mean with respect to any Person, (A) if such Person (i) makes an assignment for the benefit of creditors, (ii) files a voluntary petition in bankruptcy, (iii) is adjudged a bankrupt or insolvent, or has entered against it an order for relief, in any bankruptcy or insolvency proceedings, (iv) files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, (v) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of this nature, or (vi) seeks, consents to or acquiesces in the appointment of a trustee, receiver or liquidator of the Person or of all or any substantial part of its properties, or (B) if 120 days after the commencement of any proceeding against the Person seeking reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, if the proceeding has not been dismissed, or (C) if within 90 days after the appointment without such Person's consent or acquiescence of a trustee, receiver or liquidator of such Person or of all or any substantial part of its properties, the appointment is not vacated or stayed, or within 90 days after the expiration of any such stay, the appointment is not vacated. The foregoing definition of "Bankruptcy" is intended to replace and shall supersede and replace the definition of "Bankruptcy" set forth in Sections 18-101(1) and 18-304 of the Delaware Act for the purposes of this Section 10."

; and it is further

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by the Authorized Persons shall be conclusive evidence of the approval thereof by the Authorized Persons and by the Company; and it is further

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of the Company's Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and

structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, her authority thereunto to be evidenced by the taking of such actions; and it is further

      **RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by the Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons and the Company; and it is further

      **RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

      **RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF,** the Sole Member has executed this written consent effective as of the date first written above.

**SEARCHLIGHT MM TOPCO, L.P.**

**By:  SEARCHLIGHT MM TOPCO GP, LLC, its general partner**

By: */s/ Darren Glatt*_____(SEAL)
Name:  Darren Glatt
Title:  Manager


By: */s/ Timothy Austin*_____ (SEAL)
Name:  Timothy Austin
Title:  Manager


By: */s/ Neil Nguyen*_____ (SEAL)
Name:  Neil Nguyen
Title:  Manager


By: */s/ Grant Lyon*_____ (SEAL)
Name:  Grant Lyon
Title:  Manager

<u>SCHEDULE 1</u>

Authorized Persons

- Neil Nguyen

- Ingrid Hackett

| Fill in this information to Identify the case: |
|---|
| Debtor Name:   MEDIAMATH HOLDINGS, INC. |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MAGNITE INC 6080 CENTER DRIVE 4TH FLSUITE 400 LOS ANGELES, CA  90045 | CONTACT: DAVID DAY PHONE: (212) 243-2769 dday@magnite.com | MEDIA COST | | | | $12,585,259.99 |
| 2 | PUBMATIC INC 601 MARSHALL ST REDWOOD CITY, CA  94063 | CONTACT: STEVE PANTELICK PHONE: (650) 331 3485 billing@pubmatic.com | MEDIA COST | | | | $10,479,620.09 |
| 3 | SONOBI INC 444 W NEW ENGLAND AVE STE 220 WINTER PARK, FL  32789 | CONTACT: JOSEPH CAPPARELLI PHONE: (386) 320-5400 megan@sonobi.com | MEDIA COST | | | | $5,307,213.23 |
| 4 | XANDR INC APPNEXUS INC 28 WEST 23RD ST 4TH FL NEW YORK, NY  10010 | CONTACT: LOUIS ORELLANA louis.orellana@xandr.com | MEDIA COST | | | | $4,014,169.96 |
| 5 | ADSWIZZ 489 S EL CAMINO REAL SAN MATEO, CA  94402 | CONTACT: MARIANA OPREA mariana.oprea@adswizz.com | MEDIA COST | | | | $3,413,217.97 |
| 6 | SMART ADSERVER 66 RUE DE LA CHAUSSEE D ANTIN PARIS 75009 FRANCE | CONTACT: QUENTIN MICHON accounting@smartadserver.com | MEDIA COST | | | | $3,371,083.93 |
| 7 | TRIPLELIFT INC 53 W 23RD STREET FL 12 NEW YORK, NY  10010 | CONTACT: JOYCE LIU PHONE: (646) 392-8854 invoices@triplelift.com | MEDIA COST | | | | $2,792,438.13 |

Debtor: MEDIAMATH HOLDINGS, INC.

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | AZERION TECHNOLOGY BV FORMERLY IMPROVE DIGITAL INTERNATIONAL EURO BOEING AVENUE 30 1119 PE SCHIPOLRIJK  1119 PE NETHERLANDS | CONTACT: CHIEF FINANCIAL OFFICER PHONE: +31-207602040 finance@improvedigital.com | MEDIA COST | | | | $2,555,290.19 |
| 9 | 4 WORLD TRADE CENTER LLC CO SILVERSTEIN PROPERTIES 250 GREENWICH ST NEW YORK, NY  01007 | CONTACT: KATIE P KURTZ PHONE: (212) 490-0666 officebilling@silvprop.com | RENT | | | | $2,511,572.86 |
| 10 | LIVERAMP ACXIOM PO BOX 74007275 CHICAGO, IL  606747275 | CONTACT: LAURA DILLARD acxiomuk_ar@acxiom.com | THIRD PARTY DATA | | | | $2,297,556.89 |
| 11 | INDEX EXCHANGE INC 74 WINGOLD AVE TORONTO, ONTARIO  M6B 1P5 CANADA | CONTACT: NEIL DORKEN PHONE: +1-416-785-5908 accounting@casalemedia.com | MEDIA COST | | | | $2,175,479.54 |
| 12 | OPENX 888 E WALNUT ST SECOND FLOOR PASADENA, CA  911011802 | CONTACT: MARK LIAO PHONE: (626) 466-1141 ar@openx.com | MEDIA COST | | | | $1,910,582.52 |
| 13 | GOOGLE INC MM 1600 AMPHITHEATRE PKWY MOUNTAIN VIEW, CA  94043 | CONTACT: CHIEF FINANCIAL OFFICER collections@google.com | MEDIA COST | | | | $1,691,699.43 |
| 14 | DOUBLEVERIFY 462 BROADWAY NEW YORK, NY  100132618 | CONTACT: NICOLA ALLAIS PHONE: (646) 530-8660 ar@doubleverify.com | AD VERIFICATION | | | | $1,490,134.27 |
| 15 | GUMGUM 1314 7TH STREET 4TH FL SANTA MONICA, CA  90401 | CONTACT: PATRICK GILDEA patrick@gumgum.com | MEDIA COST | | | | $1,436,498.02 |
| 16 | UNRULY GROUP US HOLDING INC 3600 136TH PLACE SE SUITE 400 BELLEVUE, WA  98006 | CONTACT: CHIEF FINANCIAL OFFICER mhod@nexxen.com | MEDIA COST | | | | $1,379,280.71 |
| 17 | MADHIVE INC 225 BROADWAY FLOOR 11 NEW YORK, NY  10007 | CONTACT: TOM TIDGWELL PHONE: (646) 727-4054 finance@madhive.com | MEDIA COST | | | | $1,290,559.85 |
| 18 | ORACLE  GRAPESHOT LIMITED ORACLE PARKWAY THAMES VALLEY PARK READING, BERKSHIRE  RG6 1RA UNITED KINGDOM | CONTACT: CHIEF FINANCIAL OFFICER accounts@grapeshot.com | THIRD PARTY DATA | | | | $1,186,375.93 |
| 19 | PRESIDIO HOLDINGS INC PO BOX 677638 DALLAS, TX  752677638 | CONTACT: TIM AUBREY taubrey@presidio.com | IT SOFTWARE | | | | $1,144,175.31 |
| 20 | YAHOO AD TECH JV LLC VERIZON MEDIA LLC 14010 FNB PARKWAY OMAHA, NE  68154 | CONTACT: CHIEF FINANCIAL OFFICER brenda.davenport@yahooinc.com | MEDIA COST | | | | $1,139,511.20 |
| 21 | YIELDLAB VIRTUAL MINDS GMBH ELLENGOTTLIEBSTRABE FREIBURG IM BEISGAU  16 D79106 GERMANY | CONTACT: TIMO GIEB P7S1AccountsReceivable@prosieben.de | MEDIA COST | | | | $1,136,708.97 |

Debtor:  MEDIAMATH HOLDINGS, INC.

Case Number  (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | EYEOTA PTE LTD 31 HONG KONG STREET 0301 SINGAPORE  59670 SINGAPORE | CONTACT: KRISTINA PROKOP mong@eyeota.com; singapore@eyeota.com | THIRD PARTY DATA | | | | $1,097,126.07 |
| 23 | TMOBILE USA INC PUSHSPRING 12920 SE 38TH STREET BELLEVUE, WA  980061350 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: (425) 383-7066 AR_DATA_AD@T-Mobile.com | THIRD PARTY DATA | | | | $1,054,780.11 |
| 24 | GRAVY ANALYTICS INC 44679 ENDICOTT DRIVE SUITE 349 ASHBURN, VA  20147 | CONTACT: MATT JACOBSON PHONE: (703) 840-8850 accounting@gravyanalytics.com | MEDIA COST | | | | $884,895.98 |
| 25 | GOOGLE AFFIPERF GOOGLE IRELAND  GORDON HOUSE BARROW STREET DUBLIN  D04 V4X7 IRELAND | CONTACT: CHIEF FINANCIAL OFFICER google-collections-jkubisz@google.com; collections@google.com; google-collections-celineageon@google.com | MEDIA COST | | | | $883,308.25 |
| 26 | FOURSQUARE LABS INC FORMERLY FACTUAL INC 50 WEST 23RD STREET 8TH FL NEW YORK, NY  10010 | CONTACT: MARC ELLENBOGEN billing@foursquare.com | THIRD PARTY DATA | | | | $862,389.71 |
| 27 | ADCOLONY OPERA MEDIAWORKS INC PO BOX 205518 DALLAS, TX  753205518 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: (310) 775-8085 ar_collections-na@adcolony.com | MEDIA COST | | | | $825,777.89 |
| 28 | FREEWHEEL USD ONE COMCAST CENTER 32ND FLOOR PHILADELPHIA, PA  19103 | CONTACT: CHIEF FINANCIAL OFFICER EU-billing@freewheel.tv | MEDIA COST | | | | $788,142.81 |
| 29 | BIDSWITCH GMBH 387 PARK AVE S 12TH FL NEW YORK, NY  10016 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: (646) 410-0400 arbidswitch@iponweb.net | MEDIA COST | | | | $733,586.00 |
| 30 | ORACLE AMERICA BLUE KAI INC 500 ELDORADO BLVD BUILDING 1 BROOMFIELD, CO  80021 | CONTACT: STEFFANIE TATE steffanie.tate@oracle.com | THIRD PARTY DATA | | | | $726,923.40 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MEDIAMATH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 23-_____  (__) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |
| | ) | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, MediaMath Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (each, a "**Debtor**" and, collectively, the "**Debtors**") hereby state as follows:

1.      The following Debtors are 100% owned by Debtor MediaMath, Inc.:

- Adroit DS, LLC

- MediaMath Ventures, LLC

2.      MediaMath, Inc. is 100% owned by Debtor MediaMath Holdings, Inc.

3.      MediaMath Holdings, Inc. is 100% owned by Debtor Searchlight MM Holdings, LLC.

4.      Searchlight MM Holdings, LLC is 100% owned by Debtor Searchlight MM Topco, L.P.

5.      Searchlight MM Topco GP is the non-economic general partner interest in, and sole general partner of, Debtor Searchlight MM Topco, L.P.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MediaMath Holdings, Inc. (2425), MediaMath, Inc. (1297), MediaMath Ventures, LLC (4588), Adroit DS, LLC (0700), Searchlight MM Topco, L.P. (9412), Searchlight MM Topco GP, LLC (2453), and Searchlight MM Holdings, LLC (5372).  The Debtors' address is MediaMath, Inc., c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, Oregon 97076-4420.

6.      Searchlight MM Topco, L.P.  is owned by a number of shareholders, as set forth

below:

### Class A-1 Common Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Searchlight CST, L.P. | 745 Fifth Avenue, 26th Floor New York, NY 10151 | 92,314.7011 |
| Spring Lake Equity Partners LLC | Spring Lake Equity Partners LLC c/o Spring Lake Equity Management LLC 125 High Street, Suite 2211 Boston, MA 02110 | 1,211.3728 |
| Spring Lake/MM Co-Investment III LLC | Spring Lake/MM Co-Investment III LLC c/o Spring Lake Equity Management LLC 125 High Street, Suite 2211 Boston, MA 02110 | 4,050.2972 |
| Observatory Capital (MM), LLC | 5425 Wisconsin Ave Suite 704 Chevy Chase, MD 20815 | 2,034.6034 |
| Stelvio LLC | 311 Cameron Street Alexandria, VA 22314 | 389.0255 |

### Class A-2 Common Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Goldman Sachs | 2001 Ross Avenue Dallas, Texas 75201 | 5,495 |

### Class A-3 Common Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Goldman Sachs | 2001 Ross Avenue Dallas, Texas 75201 | 6,740 |

## Class A-4 Common Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Spring Lake Equity Partners LLC | Spring Lake Equity Partners LLC c/o Spring Lake Equity Management LLC 125 High Street, Suite 2211 Boston, MA 02110 | 559.6403 |
| Spring Lake/MM Co-Investment III LLC | Spring Lake/MM Co-Investment III LLC c/o Spring Lake Equity Management LLC 125 High Street, Suite 2211 Boston, MA 02110 | 1,871.1906 |
| Observatory Capital (MM), LLC | 5425 Wisconsin Ave Suite 704 Chevy Chase, MD 20815 | 939.9633 |
| Stelvio LLC | 311 Cameron Street Alexandria, VA 22314 | 179.7253 |

## Class A-5 Common Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Joseph Zawadzki | [Address Redacted] | 1,662.4323 |
| Zawadzki Enterprises, LLC | 235 West 71st Street Apartment 1C New York, NY 10023 | 174.9872 |
| Zawadzki No. 1, LLC | 235 West 71st Street Apartment 1C New York, NY 10023 | 147.9000 |
| 2011 Family Trust (Zawadzki 2011 Grantor Retained Annuity Trust) | Grantor Retained Annuity Trust) 235 West 71st Street Apartment 1C New York, NY 10023 | 708.3544 |
| Occams Razor, LLC | 235 West 71st Street Apartment 1C New York, NY 10023 | 2.2055 |

## Class A-6 Common Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Spring Lake Equity Partners LLC | Spring Lake Equity Partners LLC c/o Spring Lake Equity Management LLC 125 High Street, Suite 2211 Boston, MA 02110 | 3,777.3341 |
| Spring Lake/MM Co-Investment LLC | Spring Lake/MM Co-Investment LLC c/o Spring Lake Equity Management LLC 125 High Street, Suite 2211 Boston, MA 02110 | 5,666.0028 |
| Observatory Capital (MM), LLC | 5425 Wisconsin Ave Suite 704 Chevy Chase, MD 20815 | 125.2543 |
| Observatory Capital (MM)-C LLC | 5425 Wisconsin Ave Suite 704 Chevy Chase, MD 20815 | 298.2103 |

## Class A-7 Common Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Joseph Zawadzki | [Address Redacted] | 5,401.7143 |
| Zawadzki Enterprises, LLC | 235 West 71st Street Apartment 1C New York, NY 10023 | 568.5832 |
| Zawadzki No. 1, LLC | 235 West 71st Street Apartment 1C New York, NY 10023 | 480.5692 |
| 2011 Family Trust (Zawadzki 2011 Grantor Retained Annuity Trust) | Grantor Retained Annuity Trust 235 West 71st Street Apartment 1C New York, NY 10023 | 2,301.6445 |
| Occams Razor, LLC | 235 West 71st Street Apartment 1C New York, NY 10023 | 7.1664 |

## <u>Class B-1 Incentive Interests</u>

| Name  of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Joseph Zawadzki | [Address Redacted] | 329.6703 |
| Andrew Ellenthal | [Address Redacted] | 352 |
| Kimberly Samon | [Address Redacted] | 215 |
| Anudit Vikram | [Address Redacted] | 198 |
| Ashish Shukla | [Address Redacted] | 198 |
| Ingrid N. Hackett | [Address Redacted] | 99 |
| Magdalen A. Stockdale | [Address Redacted] | 22 |
| Taylor C. Simons | [Address Redacted] | 66 |
| Gabriel Paton | [Address Redacted] | 22 |
| Guillermo Abud Lameran | [Address Redacted] | 22 |
| Marcus Yang | [Address Redacted] | 22 |
| Todd Palatnek | [Address Redacted] | 4 |
| Mary Matyas | [Address Redacted] | 44 |
| Jill Rockwitz | [Address Redacted] | 22 |
| Sachin Shah | [Address Redacted] | 22 |
| Jared Lansky | [Address Redacted] | 55 |
| Carol A. Renzo | [Address Redacted] | 22 |
| Melissa Schwartzman | [Address Redacted] | 22 |
| Olga Sadykova | [Address Redacted] | 22 |
| Jing V. Li | [Address Redacted] | 55 |
| Emera Trujillo | [Address Redacted] | 55 |
| Geoffrey King | [Address Redacted] | 57 |
| Michael W. Plate | [Address Redacted] | 44 |
| Utshob Alam | [Address Redacted] | 26 |
| Sanjaya K. Rajapatirana | [Address Redacted] | 53 |

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Michael J. Lamb | [Address Redacted] | 44 |
| Ferdinand M. David | [Address Redacted] | 26 |
| Viktor D. Zawadzki | [Address Redacted] | 55 |
| Carl Millikin | [Address Redacted] | 22 |
| Frederic Lutt | [Address Redacted] | 22 |
| William Jones | [Address Redacted] | 22 |
| Daniel R. Bougourd | [Address Redacted] | 26 |
| Sylvain LeBorgne | [Address Redacted] | 198 |
| Christopher Keenan | [Address Redacted] | 22 |
| Christine Napoli | [Address Redacted] | 198 |
| Daniel Weiss | [Address Redacted] | 44 |
| Dean Glasenberg | [Address Redacted] | 22 |
| Emmanuel Puentes | [Address Redacted] | 198 |
| Elliot Reeve | [Address Redacted] | 44 |
| Shane Harnby | [Address Redacted] | 22 |
| Neil Nguyen | [Address Redacted] | 1,318 |

## Class B-2 Incentive Interests

| Name of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Joseph Zawadzki | [Address Redacted] | 388.3551 |
| Andrew Ellenthal | [Address Redacted] | 414 |
| Kimberly Samon | [Address Redacted] | 254 |
| Anudit Vikram | [Address Redacted] | 233 |
| Ashish Shukla | [Address Redacted] | 233 |
| Ingrid N. Hackett | [Address Redacted] | 117 |

| | | |
|---|---|---|
| Magdalen A. Stockdale | [Address Redacted] | 26 |
| Taylor C. Simons | [Address Redacted] | 78 |
| Gabriel Paton | [Address Redacted] | 26 |
| Guillermo Abud Lameran | [Address Redacted] | 26 |
| Marcus Yang | [Address Redacted] | 26 |
| Todd Palatnek | [Address Redacted] | 5 |
| Mary Matyas | [Address Redacted] | 52 |
| Jill Rockwitz | [Address Redacted] | 26 |
| Sachin Shah | [Address Redacted] | 26 |
| Jared Lansky | [Address Redacted] | 65 |
| Carol A. Renzo | [Address Redacted] | 26 |
| Melissa Schwartzman | [Address Redacted] | 26 |
| Olga Sadykova | [Address Redacted] | 26 |
| Jing V. Li | [Address Redacted] | 65 |
| Emera Trujillo | [Address Redacted] | 65 |
| Geoffrey King | [Address Redacted] | 67 |
| Michael W. Plate | [Address Redacted] | 52 |
| Utshob Alam | [Address Redacted] | 31 |
| Sanjaya K. Rajapatirana | [Address Redacted] | 62 |
| Michael J. Lamb | [Address Redacted] | 52 |
| Ferdinand M. David | [Address Redacted] | 31 |
| Viktor D. Zawadzki | [Address Redacted] | 65 |
| Carl Millikin | [Address Redacted] | 26 |
| Frederic Lutt | [Address Redacted] | 26 |
| William Jones | [Address Redacted] | 26 |
| Daniel R. Bougourd | [Address Redacted] | 31 |
| Sylvain LeBorgne | [Address Redacted] | 233 |

| Christopher Keenan | [Address Redacted] | 26 |
| Christine Napoli | [Address Redacted] | 233 |
| Daniel Weiss | [Address Redacted] | 52 |
| Dean Glasenberg | [Address Redacted] | 26 |
| Emmanuel Puentes | [Address Redacted] | 233 |
| Elliot Reeve | [Address Redacted] | 52 |
| Shane Harnby | [Address Redacted] | 26 |
| Neil Nguyen | [Address Redacted] | 1,553 |

## Class B-3 Incentive Interests

| Name  of Equity Interest Holder | Address | Approximate Number of Interests Held |
| --- | --- | --- |
| Joseph Zawadzki | [Address Redacted] | 505.4774 |
| Andrew Ellenthal | [Address Redacted] | 539 |
| Kimberly Samon | [Address Redacted] | 330 |
| Anudit Vikram | [Address Redacted] | 303 |
| Ashish Shukla | [Address Redacted] | 303 |
| Ingrid N. Hackett | [Address Redacted] | 152 |
| Magdalen A. Stockdale | [Address Redacted] | 34 |
| Taylor C. Simons | [Address Redacted] | 101 |
| Gabriel Paton | [Address Redacted] | 34 |
| Guillermo Abud Lameran | [Address Redacted] | 34 |
| Marcus Yang | [Address Redacted] | 34 |
| Todd Palatnek | [Address Redacted] | 7 |
| Mary Matyas | [Address Redacted] | 67 |
| Jill Rockwitz | [Address Redacted] | 34 |
| Sachin Shah | [Address Redacted] | 34 |

| Name  of Equity Interest Holder | Address | Approximate Number of Interests Held |
|---|---|---|
| Jared Lansky | [Address Redacted] | 84 |
| Carol A. Renzo | [Address Redacted] | 34 |
| Melissa Schwartzman | [Address Redacted] | 34 |
| Olga Sadykova | [Address Redacted] | 34 |
| Jing V. Li | [Address Redacted] | 84 |
| Emera Trujillo | [Address Redacted] | 84 |
| Geoffrey King | [Address Redacted] | 88 |
| Michael W. Plate | [Address Redacted] | 67 |
| Utshob Alam | [Address Redacted] | 40 |
| Sanjaya K. Rajapatirana | [Address Redacted] | 81 |
| Michael J. Lamb | [Address Redacted] | 67 |
| Ferdinand M. David | [Address Redacted] | 40 |
| Viktor D. Zawadzki | [Address Redacted] | 84 |
| Carl Millikin | [Address Redacted] | 34 |
| Frederic Lutt | [Address Redacted] | 34 |
| William Jones | [Address Redacted] | 34 |
| Daniel R. Bougourd | [Address Redacted] | 40 |
| Sylvain LeBorgne | [Address Redacted] | 303 |
| Christopher Keenan | [Address Redacted] | 34 |
| Christine Napoli | [Address Redacted] | 303 |
| Daniel Weiss | [Address Redacted] | 67 |
| Dean Glasenberg | [Address Redacted] | 34 |
| Emmanuel Puentes | [Address Redacted] | 303 |
| Elliot Reeve | [Address Redacted] | 67 |
| Shane Harnby | [Address Redacted] | 34 |
| Neil Nguyen | [Address Redacted] | 2,021 |

Fill in this information to identify the case and this filing:

Debtor Name **Searchlight MM Holdings, LLC**

United States Bankruptcy Court for the: **District of Delaware**

(State)

Case number (If known):

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **06/30/2023**          X /s/ **Neil Nguyen**

Signature of individual signing on behalf of debtor

**Neil Nguyen**
Printed name

**Chief Executive Officer**
Position or relationship to debtor